UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMON SANTANA, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00343-TWP-DML |
| ) | |
| ANGELA PETTY, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Ramon Santana, an inmate at the New Castle Correctional Facility (NCCF), brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. The claims currently proceeding are Mr. Santana's claims that the defendants discriminated against him based on his race in violation of the Fourteenth Amendment. Mr. Santana has filed an amended complaint. Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Santana names as defendants in the amended complaint Angela Petty, Larry Storms, Hannah Winningham, Jennifer French, and Tyrone Thompson.

### A. *Allegations of the Amended Complaint*

Mr. Santana contends that while he was working as a lay advocate at NCCF, defendants Petty and Storms harassed him, including by subjecting him to a strip search. He contends that they did so because he is Hispanic. Mr. Santana also contends that he reported this harassment to defendant Thompson and stated that he was going to quit his job. Defendant Thompson told Mr. Santana that he was sorry he felt that way and thanked him for his work. Mr. Santana resigned his job as a lay advocate because of the harassment and obtained another job as a clerk/translator in the culinary arts class. After defendant Storms saw Mr. Santana working in the culinary arts class, Mr. Santana was told that the position was no longer available per defendant Jennifer French who he contends stereotypes Hispanic people as custodians or food service workers. Mr. Santana applied for a number of other jobs, which he either did not receive or was not able to keep. Mr. Santana states that he submitted grievances regarding the alleged harassment and discrimination, but defendant Winningham refused to process them.

### B. *Applicable Law*

Mr. Santana alleges that the defendants discriminated against him based on his race. Such a claim is brought under the Equal Protection clause of the Fourteenth Amendment. To state an

Equal Protection claim, Mr. Santana must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017).

Mr. Santana also contends that certain defendants retaliated against him. To prevail on his First Amendment retaliation claim, a plaintiff must show that "(1) []he engaged in activity protected by the First Amendment; (2) []he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity []he engaged in was at least a motivating factor for the retaliatory action." *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (internal citations omitted).

C. *Discussion*

Based on the screening standard and the applicable law, certain claims will proceed while others are dismissed.

First, the claim that defendants Petty, Storms, and French discriminated against Mr. Santana based on his race shall proceed as claims that they violated his Fourteenth Amendment rights.

Any claim that defendant Hannah Winningham discriminated against Mr. Santana is **dismissed** because Mr. Santana does not adequately allege that Ms. Winningham was motivated by discriminatory purpose when she allegedly failed to process his grievances.

Any claim that defendants Petty and Storm retaliated against Mr. Santana must be **dismissed** because he does not assert sufficient facts to allow an inference that any acts taken by Petty and Storms were taken because he filed grievances.

Finally, any claim against defendant Thompson must be **dismissed**. Mr. Santana has not alleged that Thompson participated in any discriminatory treatment or that he knew that Petty and Storms were allegedly discriminating against Mr. Santana until after the fact. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly.").

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 28, 2020,** in which to identify those claims.

### III. Conclusion and Service of Process

The **clerk shall add Jennifer French** as a defendant on the docket. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant French in the manner specified by Rule 4(d). Process shall consist of the Amended Complaint, dkt. [24], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 8/26/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAMON SANTANA, JR. 232629
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jennifer French, Employee Counsel
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

All Electronically Registered
counsel of record