# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMON SANTANA, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00343-TWP-DML |
| | ) |
| ANGEL[1] PETTY, L. STORMS, Lt., and | ) |
| JENNIFER FRENCH, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on Defendant Angel Petty's (incorrectly identified as "Angela") ("Ms. Petty"), Lt. Larry Storms' ("Lt. Storms"), and Jennifer French's ("Ms. French") (collectively, the "Defendants") Motion for Summary Judgment. (Dkt. 42.) *Pro se* Plaintiff Ramon Santana, Jr., ("Mr. Santana"), alleges in this lawsuit that the Defendants harassed him and discriminated against him based on his race, while he was confined at New Castle Correctional Facility ("NCCF"). Mr. Santana has not responded to the Motion. Because Defendants have provided evidence of non-discriminatory bases for their actions, and because Mr. Santana has failed to provide any contrary evidence, Defendants' Motion for Summary Judgment is **granted.**

### I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp.*

---

[1] The Defendants explain that Mr. Santana has incorrectly identified Angel Petty as "Angela" and the **Clerk is directed** to correct the spelling of her first name on the docket.

*v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.  In ruling on a motion for summary judgment, the court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

## II.  FACTUAL BACKGROUND

Because the Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party--Mr. Santana-- and draw[s] all reasonable inferences in that party's favor.  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  Here, Mr. Santana has not responded to the summary judgment motion, so the Court treats the Defendants' supported factual assertions as uncontested.  *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

### A.  The Parties

Ramon Santana Jr. is a Hispanic male, who at the time relevant to this action, worked as a lay advocate at NCCF.  Larry Storms is a lieutenant in the Restrictive Housing Unit ("RHU") of NCCF.  (Dkt. 44-1 ¶ 2.)  Jennifer French is an Assistant Superintendent at NCCF.  (Dkt. 44-4 ¶ 2.)  Angel Petty was a review officer at NCCF.  (*See* Dkt. 44-4 ¶ 8.)

### B.  The Search

When any inmate worker, including a lay advocate, enters a high security area, the worker is completely searched to verify that no contraband is being brought from the general population area into the high security area.  (Dkt. 44-1 ¶ 5.)  This includes entry by inmates into the RHU and

CAB[2] area. *Id.* ¶ 6. CAB lay advocate workers are permitted to travel unsupervised in the facility to obtain and deliver documents. *Id.* ¶ 8. But because lay advocate workers sometimes cause security issues at the facility, a search process was implemented for all lay advocate workers. *Id.* ¶ 9.

While Mr. Santana was working as a lay advocate, Ms. Petty sent him to deliver paperwork to a mental health staff member. *Id.* ¶ 12. When lay advocates deliver documents or conduct any other business as part of their job, they are supposed to return directly back to the CAB offices. *Id*. ¶ 14. But Mr. Santana did not return until well after the staff member to which he delivered the documents had arrived. *Id.* ¶ 13. Suspecting that there was a problem, Lt. Storms searched Mr. Santana. *Id.* Lt. Storms was the only staff person available to conduct the search as other staff members were busy with other duties. *Id*. ¶ 15. Lt. Storms has searched inmates previously at NCCF and has never based a search on an inmate's race, religion, age, sexual orientation, or gender identity. *Id.* ¶ 16.

## C.    Mr. Santana's Job Placement

Mr. Santana alleges in his Complaint that he was dismissed from a job in Culinary Arts, but he was never classified as having any such job. (Dkt. 44-4 ¶ 4.) Instead, his job and programming history reveals that he had the following assignments: (1) Disciplinary Hearing Office from 5/24/2019 to 10/6/2019; (2) Relapse Prevention programming from 11/17/2019 to 1/16/2020; and library clerk from 1/16/2020 until his 7/9/20 release. *Id.* When Mr. Santana expressed dissatisfaction with his job assignments, Ms. French explained that "concerns stem from [his] work ethic and underdeveloped ability to work well with others…." (Dkt. 24-1 at 10.) Ms. French encouraged Mr. Santana to start with an entry-level custodial job or in the food

---

[2] The Defendants do not define CAB, but the Court understands this term to stand for "Conduct Adjustment Board".

service/kitchen to establish his work habits. (Dkt. 44-4 ¶ 10.) Ms. French explains that this suggestion was not the result of stereotyping but because NCCF's entry-level jobs are in the food service and housekeeping areas. *Id.* Ms. French states that she treats all inmates fairly and based on NCCF policies and procedures. *Id*. ¶ 13.

### III. DISCUSSION

On December 21, 2020, the Defendants filed their Motion for Summary Judgment and Notice Regarding Right to Respond to and Submit Evidence in Opposition to Motion for Summary Judgment. (Dkt. 42 and Dkt. 45). The Notice explained to Mr. Santana that his "failure to properly respond to the summary judgment motion will be the same as failing to present any evidence in his favor at a trial." (Dkt. 45 at 1). Mr. Santana was given notice that his response was due by January 21, 2021. *Id*. That deadline has expired and to date, no Response has been filed.

In his Complaint, Mr. Santana alleges that Defendants Lt. Storms, Ms. Petty, and Ms. French discriminated against him in violation of the Equal Protection Clause of the Fourteenth Amendment. To establish an Equal Protection Claim, he must show: (1) he was a member of a protected class, (2) he was treated differently than a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). The Defendants concede that Mr. Santana is a member of a protected class but argue that he was not treated differently than members of an unprotected class for purposes of the search or his job placement and that their actions were not motivated by a discriminated purpose.

First, Lt. Storms explains that Mr. Santana was searched on his return to the RHU because of prison procedure and because Mr. Santana had been gone longer than expected, and not for discriminatory reasons. (Dkt. 44-1 ¶ 13.) Having failed to respond to the Motion for Summary

Judgment, Mr. Santana has failed to dispute these facts or present any evidence that the Defendants acted with a discriminatory purpose. The Defendants are therefore entitled to summary judgment on this claim.

Next, Ms. French explains that decisions related to Mr. Santana's job assignment were based on his job performance and his need to demonstrate his abilities in an entry-level position, and not for discriminatory reasons. (Dkt. 44-4 ¶ 10.) Again, because Mr. Santana failed to respond to the Motion for Summary Judgment, he has failed to present evidence to dispute this fact. The Defendants are therefore entitled to summary judgment on this claim.

## IV.  CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment, Dkt. [42], is **GRANTED**. Judgment consistent with this Order and the Order Screening Amended Complaint, Dkt. [28], shall now issue.

**SO ORDERED.**

Date: 9/8/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ramon Santana, Jr.
524 Emlyn Place
East Chicago, Indiana  46312

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com